VERNON HUFFMAN, PLAINTIFF v. JOSEPH T. INGLEFIELD, M.D., DEFENDANT

No. COA00-1101

(Filed 28 December 2001)

**1. Medical Malpractice— affidavit concerning standard of care—motion to strike**

The trial court did not err in a medical malpractice case by denying plaintiff patient's motion to strike defendant doctor's affidavit stating that he was familiar with the standards of practice among physicians with training and experience similar to his own and that his treatment of plaintiff conformed in all respects to the accepted standards of practice in his community, because: (1) there is no mention of this motion to strike being denied in the trial court's order of 27 June 2000 or in any other order included in the record; (2) plaintiff failed to properly preserve this assignment for appeal, N.C. R. App. P. 10(b); and (3) even though defendant's affidavit did not meet the scheduling order deadline for disclosing medical experts, denying plaintiff's motion to strike this affidavit would not have been error since it would not have precluded defendant from testifying on his own behalf.

**2. Medical Malpractice— affidavit concerning standard of care—medical expert required—summary judgment**

The trial court did not err in a medical malpractice case by granting defendant's motion for summary judgment under N.C.G.S. § 1A-1, Rule 56, because: (1) defendant met his initial burden by establishing that plaintiff could not provide a medical expert to support an essential element of his claim; and (2) plaintiff attempted to use only his own affidavit to forecast evidence showing medical malpractice, and the Court of Appeals has previously held that the applicable standard of care in medical malpractice cases must be established by other practitioners in the particular field of practice or by other expert witnesses equally familiar and competent to testify as to that limited field of practice.

Appeal by plaintiff from order entered 27 June 2000 by Judge Richard D. Boner in Burke County Superior Court. Heard in the Court of Appeals 21 August 2001.

*C. Gary Triggs, P.A., by C. Gary Triggs, for plaintiff-appellant.*

*Bell, Davis, & Pitt, P.A., by Joseph T. Carruthers and Jon L. Spargur, Jr., for defendant-appellee.*

CAMPBELL, Judge.

Plaintiff appeals from an order denying his motion to strike defendant's affidavit and granting defendant's motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. We affirm.

In February of 1991, defendant undertook the care and treatment of plaintiff. Plaintiff was under defendant's care until at least June of 1995. During that time, defendant prescribed various medications to plaintiff to assist plaintiff with allergies and related conditions.

On 17 June 1999, plaintiff filed a complaint in the Superior Court of Burke County alleging that defendant committed medical malpractice by failing to inform plaintiff of potential side effects of medication prescribed to him by defendant. Plaintiff also alleged:

That prior to the filing of this complaint, the Plaintiff has retained services of a qualified medical expert who upon information and belief will be qualified to testify under the rules of Civil Procedures. The expert possesses the same or similar skills or

training as that of the Defendant who has reviewed this information and has determined an opinion that the course of care provided by the Defendant does in fact deviate from the standard of care thus constitutes malpractice as required by the North Carolina General Statutes.

Defendant timely filed an answer denying all allegations in the complaint.

On 11 October 1999, defendant filed a motion to compel discovery and for sanctions on the grounds that plaintiff had either failed to answer discovery requests or obtain an extension of time in which to answer the requests. After a hearing on defendant's motion, Judge Jesse B. Caldwell ("Judge Caldwell") entered an order on 18 November 1999 ordering plaintiff to answer outstanding discovery within thirty days. In addition, Judge Caldwell entered a separate scheduling order with consent of the parties and pursuant to Rule 26 of the Rules of Civil Procedure. *See* N.C. Gen. Stat. § 1A-1, Rule 26(f1) (1999) (requiring the court to establish an appropriate schedule for designating expert witnesses in a medical malpractice action). This order stated, in part, that:

> 1. Plaintiffs shall designate all expert witnesses whom they expect to call at trial and shall answer all pending North Carolina Rules of Civil Procedure interrogatories and requests for production on or before December 15, 1999.
>
> . . . .
>
> 3. Defendants shall designate all expert witnesses whom they expect to call at trial and shall answer all pending North Carolina Rules of Civil Procedure 26(b)(4) interrogatories on or before March 15, 2000.
>
> . . . .
>
> 8. Expert witnesses not designated and made available for deposition as required by this Order shall not be permitted to testify at trial.

As a result of plaintiff's failure to designate any experts, defendant filed a motion to dismiss or, in the alternative, for sanctions based on plaintiff's failure to comply with both the 18 November 2000 order and the scheduling order. This motion came on for hearing before Judge Jerry Cash Martin ("Judge Martin"). Although by then plaintiff had answered outstanding discovery, which included the designation

of a medical expert, Judge Martin entered an order on 28 March 2000 striking the expert and ordering that plaintiff be precluded from offering the testimony of this expert.

Defendant then filed a motion for summary judgment. Attached to this motion was defendant's own affidavit stating that he was familiar with the standards of practice among physicians with training and experience similar to his own and that his treatment of plaintiff conformed in all respects to the accepted standards of practice in his community. Plaintiff responded by filing a motion to strike defendant's affidavit on the grounds that defendant had not designated himself as an expert by the deadline set in Judge Caldwell's scheduling order. In addition, plaintiff filed his own affidavit stating that defendant failed to warn him of potentially dangerous side effects, asserting that he had consulted with numerous physicians about the standard of care applicable to physicians in his community and that defendant had deviated from this standard of care (all as more particularly outlined in the affidavit).

Defendant's motion for summary judgment was heard by Judge Richard D. Boner ("Judge Boner"). After hearing arguments and having reviewed the file and the affidavits of both parties, Judge Boner entered an order granting summary judgment in favor of defendant on 27 June 2000. Plaintiff appeals from this order.

Plaintiff brings forth two assignments of error. For the following reasons, we affirm the trial court's order.

**[1]** By his first assignment of error, plaintiff contends that prejudicial error was committed when the trial court denied his motion to strike defendant's affidavit. However, there is no mention of this motion to strike being denied in Judge Boner's order of 27 June 2000 nor in any other order included in the record. Since plaintiff failed to properly preserve this assignment for appeal, it is dismissed. *See* N.C. R. App. P. 10(b) (2001). Nevertheless, we note that even though defendant's affidavit did not meet the scheduling order deadline for disclosing medical experts, denying plaintiff's motion to strike this affidavit would not have been error because it would not have precluded defendant from testifying on his own behalf. *See* N.C. Gen. Stat. § 1A-1, Rule 26(b)(4) cmt. (1999) (stating that: "[T]he subsection does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit.").

**[2]** In his second assignment of error, plaintiff contends that the trial court erred in granting defendant's motion for summary judgment. We disagree.

In a medical malpractice action, plaintiff must "demonstrate by the testimony of a qualified expert that the treatment administered by the defendant was in negligent violation of the accepted standard of medical care in the community and that defendant's treatment proximately caused the injury." *Ballenger v. Crowell*, 38 N.C. App. 50, 54, 247 S.E.2d 287, 291 (1978) (citation omitted). To support his motion for summary judgment, defendant has the initial burden of showing either that plaintiff cannot produce evidence to support an essential element of his claim, an essential element of plaintiff's claim does not exist, or plaintiff cannot provide an affirmative defense that would save his claim. *See Evans v. Appert*, 91 N.C. App. 362, 372 S.E.2d 94 (1988). Once this initial burden is met, plaintiff must then produce a forecast of evidence showing the existence of a genuine issue of material fact with respect to the issues raised by the movant. *Rorrer v. Cooke*, 313 N.C. 338, 350, 329 S.E.2d 355, 363 (1985).

In the present case, Judge Caldwell had entered both an order compelling plaintiff to provide outstanding discovery to defendant, and a discovery scheduling order requiring plaintiff to produce the names of all expert witnesses he planned to call at trial by 15 December 1999. Plaintiff did not comply. Judge Martin then entered an order striking plaintiff's subsequently designated expert. Plaintiff did not appeal this order. Thus, defendant met his initial burden by establishing that plaintiff could not provide a medical expert to support an essential element of his claim.

Plaintiff attempted to use only his own affidavit to forecast evidence showing medical malpractice. The affidavit asserted that defendant deviated from the required standard of care by failing to inform plaintiff of the potential side effects of prescribed medication. Plaintiff argues that this affidavit creates a genuine issue of material fact because there is a discrepancy between his position and defendant's. However, this Court has held that in medical malpractice cases the applicable "standard of care must be established by other practitioners in the particular field of practice . . . or by other expert witnesses equally familiar and competent to testify as to that limited field of practice." *Heatherly v. Industrial Health Council*, 130 N.C. App. 616, 625, 504 S.E.2d 102, 108 (1998) (citing *Lowery v. Newton*, 52 N.C. App. 234, 239, 278 S.E.2d 566, 571 (1981)). Plaintiff, a lay person

and not a medical expert, simply cannot establish the applicable standard of care in this case on his own.

Accordingly, for the aforementioned reasons, the trial court properly granted defendant's motion for summary judgment.

Affirmed.

Judges GREENE and BRYANT concur.