KAREN E. KENYON, Plaintiff-Appellant v. PAOLA M. GEHRIG, M.D. and THOMAS P.
MORRISSEY, M.D., Defendants-Appellees

No. COA06-724

(Filed 5 June 2007)

**Medical Malpractice— failure to show causation—summary
judgment**

The trial court did not err by granting summary judgment in
favor of defendant doctors in a medical malpractice case based
on alleged negligence in the use of a retractor during surgery,
because: (1) defendants met their burden of showing plaintiff
cannot produce evidence to support an essential element of her
claim when they presented the testimony of several expert wit-
nesses that testified defendants' treatment of plaintiff met the
standard of care and that the type of injury plaintiff suffered is a
known risk of the procedure that can occur in the absence of neg-

ligence; and (2) the burden shifted to plaintiff, and her experts failed to state any degree of certainty that her injury was causally connected to defendants' alleged negligence when plaintiff's experts all based their opinions only on the fact of the injury itself.

Appeal by plaintiff from judgment entered 16 March 2006 by Judge Steve A. Balog in Alamance County Superior Court. Heard in the Court of Appeals 24 January 2007.

*Randolph M. James, P.C., by Randolph M. James, for plaintiff-appellant.*

*Troutman Sanders LLP, by M. Lee Cheney and Pankaj K. Shere, for defendants-appellees.*

*Womble Carlyle Sandridge & Rice, PLLC, by John J. Bowers, for defendants-appellees.*

ELMORE, Judge.

On 7 June 2004, Karen Kenyon (plaintiff) filed a medical malpractice suit against Paola Gehrig, M.D. (Gehrig), and Thomas Morrissey, M.D. (Morrissey) (together, defendants), alleging medical negligence in the use of a retractor during surgery. On 16 March 2006, the trial court entered an order granting defendants' motion for summary judgment. It is from this order that plaintiff now appeals.

Plaintiff underwent surgery on 7 June 2001. Defendants performed three procedures on that day, only two of which were planned. About ten to fifteen minutes after the first incision, Morrissey used a Bookwalter retractor to keep the surgical wound open. At one point during the surgery, the retractor was removed and reinserted in order to reposition plaintiff. Defendants testified that they constantly checked the positioning of the retractor throughout the surgery to ensure that it did not apply undue pressure on plaintiff's femoral nerve.

Following the surgery, plaintiff suffered a postoperative right femoral neuropathy. Plaintiff alleged medical negligence and filed suit. Defendants' motion for summary judgment was granted.

On appeal, plaintiff argues only that summary judgment was inappropriate because there were material facts in dispute. After fully reviewing the record, we hold that plaintiff failed to forecast suffi-

cient evidence to raise a genuine issue of material fact. Accordingly, the trial court properly granted the motion for summary judgment.

This Court has recently outlined the proper standard of review:

> In a medical malpractice action, plaintiff must demonstrate by the testimony of a qualified expert that the treatment adminis- tered by the defendant was in negligent violation of the accepted standard of medical care in the community and that defendant's treatment proximately caused the injury. To support his motion for summary judgment, defendant has the initial burden of show- ing either that plaintiff cannot produce evidence to support an essential element of his claim, an essential element of plaintiff's claim does not exist, or plaintiff cannot provide an affirmative defense that would save his claim. Once this initial burden is met, plaintiff must then produce a forecast of evidence showing the existence of a genuine issue of material fact with respect to the issues raised by the movant.

*Huffman v. Inglefield*, 148 N.C. App. 178, 182, 557 S.E.2d 169, 172 (2001) (internal quotations and citations omitted).

In support of their motion for summary judgment, defendants offered the testimony of several expert witnesses. These witnesses testified that defendants' treatment of plaintiff met the standard of care. Moreover, defendants' expert witnesses stated that the type of injury that plaintiff suffered is a known risk of the procedure and can occur in the absence of negligence. The presentation of this evidence met defendants' initial burden of showing "that plaintiff cannot produce evidence to support an essential element of [her] claim . . . ." *Id.* The burden therefore shifted to plaintiff to "produce a forecast of evidence showing the existence of a genuine issue of material fact . . . ." *Id.*

Plaintiff contends that she presented such a forecast through the testimony of her expert witnesses. A review of the record, how- ever, reveals that her experts were unable to state to any degree of certainty that her injury was causally connected to defendants' alleged negligence.

Plaintiff relies on this Court for the proposition that because cau- sation is an inference, drawn from the circumstances, "proximate cause is normally a question best answered by the jury." *Leatherwood v. Ehlinger*, 151 N.C. App. 15, 24, 564 S.E.2d 883, 889 (2002). This is true; plaintiff must nevertheless provide a sufficient forecast of evi-

dence to justify presentment to the jury. This plaintiff fails to do. Her expert witnesses, while clearly opining that defendants are at fault, gave no concrete reasons for this belief.

Plaintiff presented three expert witnesses' deposition testimony in her forecast of evidence. We will address each witness's testimony in turn.

Samuel J. Williams, II, M.D. (Dr. Williams) admitted in his testimony that he assumed "from the fact of injury that the self-retaining retractor was handled less than properly." He also admitted that there are cases in which the fact of injury does not represent a cause and effect relationship. Further, Dr. Williams testified that "[t]he only fact [he relied on in forming his opinion of negligence] is that [plaintiff] came into the hospital apparently walking without need for assistance in any way and left the hospital having to use . . . a cane, if not a walker." Finally, Dr. Williams testified that "[i]t is possible [for the injury] to occur in the absence of negligence."

Plaintiff also relied on deposition testimony from Stuart Battle, M.D. (Dr. Battle). Dr. Battle stated that he based his opinion that the retractor was improperly placed on the following facts:

The fact that [plaintiff] went into the operating room without a femoral neuropathy. The fact that she was under the direct control of the doctors who placed that retractor. The fact that it is well known . . . that these self-retaining retractors can, indeed, cause this if you are not careful. And the fact that she came out of that operating room with this injury.

He then asked defense counsel, "What other explanation is there?" Dr. Battle admitted that he assumed, based on the outcome of the surgery, that there was negligence. He also admitted that femoral nerve injury is a known risk of the procedure, and that, "without specifying the conditions," "there are situations in which an injury can occur . . . without negligence." Though Dr. Battle acknowledged that "there was another possibility in this case" for the cause of plaintiff's injury, he stated that he favored the retractor as the cause.

Finally, plaintiff presented deposition testimony from Donald S. Horner, M.D. (Dr. Horner). Dr. Horner testified that it was his impression that the retractor had not been removed during plaintiff's shift in positions, and that the failure to remove the retractor at that time was his only criticism of defendants' handling of the procedure. Moreover,

Dr. Horner stated that had the retractor been repositioned during the shift, the defendants' conduct would have complied with the appropriate standard of care. However, he also opined that any time that a patient experiences a permanent femoral injury after the use of a Bookwalter retractor, it must be the result of negligence. Dr. Horner admitted that he was not an expert in the area, and that there can be other causes of such an injury. He further admitted that the basis of his opinion was the fact of the injury itself and that but for that fact, he did not know that negligence had occurred.

Essentially, all of plaintiff's experts testified that their opinions were based on the fact of the injury itself. Although they each, to varying degrees, put forth hypotheses as to the potential causes of the injury, none of them could point to any evidence of an act or omission, other than the existence of the injury itself, constituting negligence on the part of either defendant.

> [Our Supreme Court] has allowed "could" or "might" expert testimony as probative and competent evidence to prove causation. However, [that] Court has also found "could" or "might" expert testimony insufficient to support a causal connection when there is additional evidence or testimony showing the expert's opinion to be a guess or mere speculation.

*Young v. Hickory Bus. Furn.*, 353 N.C. 227, 233, 538 S.E.2d 912, 916 (2000) (citations omitted).

Here, there are several theories presented to show that defendants *could* have been negligent. However, all of plaintiff's expert witnesses based their opinions only on the fact of the injury itself; their assignation of negligence on defendants' part constituted mere speculation.

Plaintiff argues emphatically in her brief that she neither pled nor sought application of the doctrine of *res ipsa loquitor*. Indeed, the whole of her reply brief is dedicated to an attempt to show this Court why the doctrine is inapplicable. Plaintiff's insistence on the inapplicability of the doctrine is somewhat surprising, given this Court's statement that "ordinarily negligence must be proved and cannot be inferred from the fact of an injury . . . ." *Schaffner v. Cumberland County Hosp. System*, 77 N.C. App. 689, 691, 336 S.E.2d 116, 118 (1985) (citing *Kekelis v. Machine Works*, 273 N.C. 439, 442, 160 S.E.2d 320, 322 (1968)). In *Schaffner*, this Court held that in spite of this general rule,

*res ipsa* applies and allows the finder of fact to draw an inference of negligence from the circumstances surrounding an injury when (1) "the injury is of a type that does not ordinarily occur in the absence of some negligent act or omission," (2) "direct proof of the cause of [the] injury is not available," and (3) "the instrumentality involved in the accident is under the defendant's control."

*Schaffner*, 77 N.C. App. at 691, 336 S.E.2d at 118 (quoting *Russell v. Sam Solomon Co.*, 49 N.C. App. 126, 130, 270 S.E.2d 518, 520 (1980)).

However, the reason for plaintiff's reluctance to rely on the *res ipsa* doctrine becomes apparent when one notes the North Carolina courts' "somewhat restrictive" application of the doctrine in medical malpractice cases.

The precautions in applying *res ipsa* to a medical malpractice action stem from an awareness that the majority of medical treatment involves inherent risks which even adherence to the appropriate standard of care cannot eliminate. This, coupled with the scientific and technical nature of medical treatment, renders the average juror unfit to determine whether plaintiff's injury would rarely occur in the absence of negligence. Unless the jury is able to make such a determination plaintiff clearly is not entitled to the inference of negligence *res ipsa* affords. To allow the jury to infer negligence merely from an unfavorable response to treatment would be tantamount to imposing strict liability on health care providers.

*Schaffner*, 77 N.C. App. at 692, 336 S.E.2d at 118 (citations omitted).

Plaintiff finds herself in an unfortunate position: the only proof she can provide in support of her negligence claim is the fact of her injury, but her injury is not the sort that would allow an average juror to determine negligence in the absence of expert testimony. Accordingly, as plaintiff is unable to present a forecast of evidence showing the existence of a genuine issue of material fact, we must affirm the trial court's order of summary judgment.

Affirmed.

Judges McGEE and BRYANT concur.