JOSEPH PATRICK SUMMEY v. RONALD BARKER, FORSYTH COUNTY SHERIFF; AND HARTFORD INSURANCE COMPANY, SURETY; MICHAEL SCHWEITZER, CHIEF JAILER OF FORSYTH COUNTY, IN THEIR OFFICIAL CAPACITIES; LINDA SIDES; JOE MADDUX, CORRECTIONAL MEDICAL SERVICES, INC. D/B/A CORRECTIONAL MEDICAL SYSTEMS A/K/A CORRECTIONAL MEDICAL SERVICES

No. 632A02

(Filed 2 October 2003)

## 1. Appeal and Error— Supreme Court review of Court of Appeals—flawed Court of Appeals analysis

A Court of Appeals analysis of the exclusion of experts from a medical negligence case was fundamentally flawed because it reviewed the lower court order as a sanction for failure to comply with a discovery order, but defendants had moved for summary judgment rather than for sanctions. However, the appeal was considered in the interests of justice.

**2. Discovery— deadline—extension after expiration—excusable neglect required**

 A judge may allow enlargement of time after the expiration of a court-ordered deadline only upon a showing of excusable neglect. Plaintiff's motion to extend the time for filing a discovery document related that a new attorney in the firm had taken over the case but cited neither rule nor statute and was properly denied.

**3. Medical Malpractice— expert testimony excluded—summary judgment**

 Summary judgment was properly granted in a medical negligence and medical malpractice action where plaintiff's expert testimony was excluded.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 154 N.C. App. 448, 573 S.E.2d 534 (2002), affirming an order for summary judgment signed 24 September 2001 by Judge Clarence W. Carter in Superior Court, Forsyth County. Heard in the Supreme Court 5 May 2003.

*Parrish, Smith & Ramsey, LLP, by Steven D. Smith, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, PLLC, by Allan R. Gitter and Alison R. Bost, for defendant-appellees Ronald Barker, Hartford Insurance Company, and Michael Schweitzer.*

*Smith Moore LLP, by Alan W. Duncan and Lisa Frye Garrison, for defendant-appellees Correctional Medical Services, Inc., and Linda Sides.*

EDMUNDS, Justice.

This case is before us on appeal of right from the North Carolina Court of Appeals. On 22 October 1996, Joseph Patrick Summey (plaintiff), who had been charged with removing his daughter across state lines, was transported to the Forsyth County detention center, then held at the Forsyth County jail by officials of the State of North Carolina. Plaintiff, a hemophiliac, alleged that while in jail between 22 October 1996 and 24 October 1996 he suffered bouts of bleeding. He was twice taken to North Carolina Baptist Hospital in Winston-Salem and ultimately underwent treatment there for twelve days.

On 8 October 1999, plaintiff filed an action against Forsyth County Sheriff Ronald Barker and Forsyth County Chief Jailer Michael Schweitzer, each in his official capacity. Plaintiff also named as defendants the sheriff's surety, Hartford Insurance Company, and Linda Sides and Joe Maddux of Correctional Medical Services, Inc. The suit in part appears to contain allegations of both medical malpractice and medical negligence, and the certification required by Rule 9(j) in an action for medical malpractice is included in the complaint. *See* N.C.G.S. § 1A-1, Rule 9(j)(2001). Plaintiff also alleges affirmative wrongdoing by defendants. Plaintiff based his claims upon alleged violations of the North Carolina Constitution and of various statutory and fiduciary duties.

Although pertinent documentation has not been included in the record on appeal, plaintiff's brief asserts that law enforcement defendants Barker, Schweitzer, and Hartford Insurance Company pled the affirmative defenses of governmental immunity, public official's immunity, contributory negligence, and qualified immunity. They also moved pursuant to North Carolina Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's claims. After conducting a hearing, on 14 December 1999 Judge Catherine C. Eagles denied the motion as to plaintiff's claim for medical malpractice and medical negligence, but allowed the motion as to plaintiff's claim under the North Carolina Constitution. These defendants appealed to the Court of Appeals.

On or about 7 March 2000, while the appeal of the motion to dismiss was pending in the Court of Appeals, the parties entered into a "Consent Discovery Scheduling Order" (Consent Order). *See* N.C.G.S. § 1A-1, Rule 26(f1) (2001). The Consent Order set out the time during which various discovery proceedings would take place. Specifically, plaintiff was to designate his expert witnesses within thirty days of "the expiration of all deadlines within which any party may file any appeal or response to any appeal or to any decision of the appellate courts in this case." On 3 April 2001, the Court of Appeals affirmed the trial court's order regarding the motions to dismiss. *Summey v. Barker*, 142 N.C. App. 688, 544 S.E.2d 262 (2001). Plaintiff did not thereafter designate his experts within the time allowed.

On or about 10 May 2001, the law enforcement defendants moved for summary judgment. *See* N.C.G.S. § 1A-1, Rule 56 (2001). On or about 27 July 2001, defendants Sides and Correctional Medical Services, Inc., sent plaintiff's counsel a letter notifying him that plaintiff had not timely submitted the names of his expert witnesses. That same day these defendants moved for summary judgment because of

plaintiff's failure to comply with the Consent Order. On 28 August 2001, the law enforcement officials amended their motion for summary judgment to include as a ground plaintiff's failure to comply with the Consent Order.

On 5 September 2001, plaintiff filed a "Motion to Extend Time to File and Designate Expert Witnesses Pursuant to the Consent Order Dated March 9, 2000." In a separate letter sent to defendants that day, plaintiff designated his expert witnesses, pointing out that the experts were the same individuals who had been designated in an earlier (but dismissed) lawsuit of this matter. On or about 24 September 2001, Judge Clarence W. Carter entered an "Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion for Extension of Time to Designate Experts." In this order, Judge Carter found that there were no genuine issues of material fact and ordered that the summary judgment motions of the defendants be allowed. In addition, he denied plaintiff's motion for an extension of time to designate experts.

Plaintiff appealed to the Court of Appeals, which affirmed the trial court. *Summey v. Barker*, 154 N.C. App. 448, 573 S.E.2d 534 (2002). The majority determined that exclusion of plaintiff's experts was an allowable sanction for plaintiff's failure to comply with the Consent Order and affirmed the grant of summary judgment as to all defendants. In dissent, Judge Greene argued that the trial court had erred by failing to consider lesser sanctions. Judge Greene also observed that while the majority affirmed the grant of summary judgment as to all defendants, only some of the defendants had been named in the portions of the suit dealing with medical malpractice or medical negligence. Although Judge Greene argued that the majority should consider as a separate matter whether summary judgment was appropriate as to the defendants who were not named in the medical malpractice portions of plaintiff's suit, he ultimately concluded that summary judgment was proper as to them. Accordingly, our review is limited to plaintiff's claims relating to defendants Sides and Correctional Medical Services, Inc. *See Clifford v. River Bend Plantation, Inc.*, 312 N.C. 460, 463, 323 S.E.2d 23, 25 (1984).

[1] The Court of Appeals' analysis of the trial court's order for summary judgment is fundamentally flawed because its premise, that Judge Carter's order should be reviewed as a sanction for plaintiff's failure of discovery, is incorrect. Rule 26(f1) of the North Carolina Rules of Civil Procedure requires that the trial court conduct a scheduling conference in a medical malpractice action. N.C.G.S. § 1A-1,

Rule 26(f1). The rule concludes by stating that "[i]f a party fails to identify an expert witness as ordered, the court shall, upon motion by the moving party, impose an appropriate sanction, which may include dismissal of the action, entry of default against the defendant, or exclusion of the testimony of the expert witness at trial." *Id.* However, defendants did not move for sanctions pursuant to Rule 26(f1); instead, they moved for summary judgment pursuant to Rule 56. Nevertheless, in the interests of justice and to avoid additional delay, we will review plaintiff's appeal pursuant to our authority under Rule 2 of the North Carolina Rules of Appellate Procedure. *See* N.C. R. App. P. 2.

**[2]** First we must determine whether Judge Carter properly denied plaintiff's motion to extend time. The motion cited neither a rule nor a statute to support the request for an extension, though it did relate that a new attorney in the firm had taken over plaintiff's case in January 2001. A judge may allow enlargement of time after the expiration of a court-ordered deadline only upon a showing of excusable neglect. N.C.G.S. § 1A-1, Rule 6(b) (2001). Plaintiff made no such showing. Accordingly, the motion for extension of time was properly denied.

**[3]** As a result, plaintiff's forecast of evidence could not include any expert testimony. In their summary judgment motion, defendants Sides and Correctional Medical Services, Inc. contended that because plaintiff had no experts to support his claims, defendants were entitled to summary judgment. Defendants Barker, Schweitzer, and Hartford Insurance Company reiterated that argument in their amended motion for summary judgment, in addition to their original claim that defendants' evidence demonstrated that there was no genuine issue of material fact.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [a] party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c). On appeal of a trial court's allowance of a motion for summary judgment, we consider whether, on the basis of materials supplied to the trial court, there was a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Evidence presented by the parties is viewed in the light most favorable to the non-movant. *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000).

We have reviewed the materials submitted by the parties and considered by the trial court prior to its allowing the Rule 56 motions for summary judgment. We conclude that the trial court properly allowed defendants' motions.

For the reasons stated herein, the opinion of the Court of Appeals is affirmed as modified.

MODIFIED AND AFFIRMED.