JEANETTE HARDING, and husband JAMES CLARK HARDING, Plaintiffs,
v.
LOWE'S FOOD STORES, INC., and ETC LINVILLE, LLC, Defendants.
No. COA05-675
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Avery County No. 04 CVS 83.
Long, Parker, Warren & Jones, P.A., by Steve Warren, for plaintiff-appellants.
Smith Moore LLP, by Richard A. Coughlin and James R. Faucher, for defendant-appellant Lowe's Food Stores, Inc.
Cogburn, Goosmann, Brazil & Rose, P.A., by W.O. Brazil, III and Frank J. Contrivo, Jr., for defendant-appellant ETC Linville, LLC.
BRYANT, Judge.
Jeanette Harding and her husband James Clark Harding (plaintiffs) appeal from an order entered 18 February 2005 granting Lowe's Food Stores, Inc.'s (collectively "defendants" along with ETC Linville, LLC) motion for summary judgment. For the reasons below we affirm the trial court's order.

Factual Background
On 11 February 2001, plaintiff Jeannette Harding went to the Lowe's Food Store located in the Invershiel Community of Banner Elk, North Carolina. It had been raining and was very cold that day and there was sleet and ice in the parking lot. After parking her car, plaintiff walked through the parking lot to the front of the store.
As she approached the store, plaintiff noticed the sidewalk in front of the store was also covered in snow and ice. Plaintiff stepped from the parking lot onto the sidewalk and was walking to the store's entrance when she tripped and fell to the ground, injuring herself. Plaintiff admits she was not watching where she was walking, but was instead looking at a display of propane tanks and firewood stacked against the front wall of the store. It was only after she fell that plaintiff looked back and saw that one slab of concrete on the sidewalk was higher than the adjoining slab. Plaintiff alleged she tripped over the raised edge of the sidewalk and did not see it because it was concealed by snow and ice.

Procedural History
Plaintiffs filed suit against defendants on 9 February 2004, alleging, inter alia, defendants were negligent and breached their duty of care to plaintiffs in failing to correct the unsafe condition created by the raised edge of the sidewalk and failing to warn pedestrians of the danger posed by the uneven sidewalk. Defendant Lowe's Food Stores filed a Motion for Summary Judgment on 20 January 2005. Defendant's motion was heard on 7 February 2005 by the Honorable Michael Helms. On 18 February 2005 the trial court entered an order granting defendant's Motion for Summary Judgment for both Lowe's Food Stores, Inc. and ETC Linville, LLC. In the order, the trial court held defendants had no duty to correct or warn of the sidewalk's raised edge that was approximately one-half inch high as "such a condition is to be reasonably expected on walkways and sidewalks." Furthermore, plaintiff's own testimony established she was aware of snow and/or ice in the parking lot and on the walkway, but she "failed to keep a proper look out [sic] and walk in a manner as to avoid tripping on the alleged concealed" raised edge, thereby establishing her contributory negligence as a matter of law. Plaintiffs appeal.
Plaintiffs contend the trial court erred in granting defendant's motion for summary judgment based upon its (I) finding of no duty owed to plaintiffs and (II) finding that plaintiff Jeanette Harding was contributorily negligent.

I
Plaintiffs first argue the trial court erred in granting defendant Lowe's Food Store's motion for summary judgment based upon a finding that defendants owed no duty to plaintiffs. We disagree. Under Rule 56(c) of the Rules of Civil Procedure, summary judgment shall be granted if "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). In ruling on a motion for summary judgment, "the court may consider the pleadings, depositions, admissions, affidavits, answers to interrogatories, oral testimony and documentary materials." Dendyv. Watkins, 288 N.C. 447, 452, 219 S.E.2d 214, 217 (1975). "All such evidence must be considered in a light most favorable to the non-moving party." Howerton v. Arai Helmet, Ltd., 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004). "Where there are genuine, conflicting issues of material fact, the motion for summary judgment must be denied so that such disputes may be properly resolved by the jury as the trier of fact." Id. at 468, 597 S.E.2d at 692.
In a negligence action, to survive a motion for summary judgment, plaintiff must establish a prima facie case by showing: "(1) that defendant failed to exercise proper care in the performance of a duty owed plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances." Lavelle v. Schultz, 120 N.C. App. 857, 859-60, 463 S.E.2d 567, 569 (1995). A grant of summary judgment in a negligence action "is proper if there are no genuine issues of material fact, and the plaintiff fails to demonstrate one of the essential elements of the claim."Parish v. Hill, 350 N.C. 231, 236, 513 S.E.2d 547, 550 (1999).
"On appeal, this Court has the task of determining whether, on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law." Eckard v. Smith, 166 N.C. App. 312, 318, 603 S.E.2d 134, 138 (2004), aff'd, ___ N.C. ___, 619 S.E.2d 503 (2005). We review an order allowing summary judgment de novo. Summey v. Barker, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003).
Plaintiffs argue defendants breached their duty owed to plaintiffs by failing to correct or warn of the raised edge of the sidewalk. Our Supreme Court has held that "[s]light depressions, unevenness and irregularities in outdoor walkways, sidewalks and streets are so common that their presence is to be anticipated by prudent persons." Evans v. Batten, 262 N.C. 601, 602, 138 S.E.2d 213, 214 (1964) (restaurant had no duty to warn pedestrians concerning an indenture in a walkway that was obscured by melting snow and ice). However, Evans and similar cases do not "establish a rule that a plaintiff can never state a valid case for recovery based upon tripping on a sidewalk." Pulley v. Rex Hosp., 326 N.C. 701, 706, 392 S.E.2d 380, 384 (1990). Instead, the cases should be read as requiring the trial court to view the facts of each case in their totality to determine if there are factors which make the existence of a defect in a sidewalk, in light of the surrounding conditions, a breach of the defendant's duty and less than "obvious" to the plaintiff. Such factors may include the nature of the defect in the sidewalk, the lighting at the time of the accident, and whether any other reasonably foreseeable conditions existed which might have distracted the attention of one walking on the sidewalk.
Id.
In the instant case, the facts establish there was a one-half inch raised edge between two slabs in the sidewalk leading into the Lowe's Food store. Plaintiff had stepped out of the parking lot and up onto the sidewalk, so her attention was no longer diverted by potential automobile traffic. While the defect was obscured by ice and snow, which plaintiff saw, this condition should have put plaintiff at a heightened level of care in traversing the sidewalk. Instead plaintiff stepped into the ice and snow while looking at a display of propane tanks and firewood stacked against the front wall of the store. In light of the totality of the circumstances, the one-half inch raised edge and defendant's failure to warn of its existence does not amount to negligence on the part of defendants. This assignment of error is overruled.

II
Plaintiffs also argue the trial court erred in granting defendant Lowe's Food Store's motion for summary judgment based upon its finding that plaintiff Jeanette Harding was contributorily negligent.
Our appellate courts have held that the law imposes upon a person the duty to exercise ordinary care to protect himself from injury and to avoid a known danger; and that where there is such knowledge and there is an opportunity to avoid such a known danger, failure to take such opportunity is contributory negligence.
Lenz v. Ridgewood Assocs., 55 N.C. App. 115, 122, 284 S.E.2d 702, 706-07 (1981). "[C]ontributory negligence consists of conduct which fails to conform to an objective standard of behavior  the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury." Smith v. Fiber Controls Corp., 300 N.C. 669, 673, 268 S.E.2d 504, 507 (1980) (citations and quotations omitted). "[C]ontributory negligence per se may arise where a plaintiff knowingly exposes himself to a known danger when he had a reasonable choice or option to avoid that danger, . . . or when a plaintiff heedlessly or carelessly exposes himself to a danger or risk of which he knew or should have known." Lenz, 55 N.C. App. at 122-23, 284 S.E.2d at 707 (citations omitted).
Plaintiff's own deposition testimony shows she knew the parking lot and sidewalk of the Lowe's Food Store had patches of ice, sleet and snow. Plaintiff knew she must use caution in traversing the parking lot and sidewalk because of these hazardous conditions. However, despite this knowledge, plaintiff admitted she was not watching where she was walking once she stepped onto the sidewalk and was instead looking at a display of propane tanks and firewood stacked against the front wall of the store. By not taking proper care in watching where she was walking, plaintiff tripped over a small raised edge between two concrete slabs in the sidewalk. Plaintiff's actions are sufficient to establish that she was contributorily negligent as a matter of law. This assignment of error is overruled.
Affirmed.
Judges CALABRIA and JACKSON concur.
Report per Rule 30(e).