STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff v.
LINDA P. GAYLOR and PAUL E. GAYLOR, Defendants

No. COA07-1421

(Filed 6 May 2008)

**1. Statutes of Limitation and Repose— underinsured motorists coverage—filing of action not timely**

The trial court did not err when it granted State Farm's motion to dismiss defendants' counterclaim in an action to declare the rights between the parties regarding underinsured motorists coverage in an action arising from an automobile accident. Undisputed evidence shows that defendants failed to file their counterclaims within the applicable three-year statute of limitations.

**2. Insurance— uninsured motorist coverage—summary judgment for insurance company**

There was no genuine issue of material fact about whether defendants had underinsured motorists coverage at the time of an accident, and the court did not err when it granted the insurance company's motion for summary judgment.

Appeal by defendants from orders entered 15 November 2006 by Judge Michael E. Beale and 23 April 2007 by Judge Kimberly S. Taylor in Rowan County Superior Court. Heard in the Court of Appeals 17 April 2008.

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Scott Lewis and Ellen J. Persechini; and Golding, Holden & Pope, L.L.P., by Robert J. Aylward, for plaintiff-appellee.*

*Doran, Shelby, Pethel and Hudson, P.A., by Michael Doran, for defendant-appellants.*

TYSON, Judge.

Linda P. Gaylor ("Mrs. Gaylor") and Paul E. Gaylor ("Mr. Gaylor") (collectively, "the Gaylors") appeal from orders entered, which granted State Farm Mutual Automobile Insurance Company's ("State Farm") motions to dismiss the Gaylors' counterclaims and for summary judgment. We affirm.

STATE FARM MUT. AUTO. INS. CO. v. GAYLOR

[190 N.C. App. 448 (2008)]

## I. Background

On 30 March 2006, State Farm filed a complaint and sought a declaration of rights between the parties as a result of the Gaylor's selection of uninsured motorists coverage for personal injury damages sustained by Mrs. Gaylor in an automobile accident on 26 March 2002. State Farm sought, *inter alia,* for "the Court [to] determine and adjudicate that [it] is not required to provide underinsured motorists coverage to [Mrs.] Gaylor[.]" On 25 May 2006, the Gaylors filed their answer and asserted counterclaims against State Farm for: (1) reformation of contract due to mutual mistake and misrepresentation; (2) negligent failure to procure insurance; and (3) misrepresentation.

On 21 July 2006, State Farm filed a Motion to Dismiss and Answer to Counterclaims. State Farm's motion was heard 13 November 2006. On 15 November 2006, the superior court granted State Farm's motion to dismiss the Gaylors' counterclaims.

On 16 November 2006, State Farm filed a Motion for Summary Judgment on its remaining claim. State Farm's motion was heard 16 January 2007. On 23 January 2007, the superior court denied State Farm's motion as premature. The superior court's order was entered without prejudice to State Farm's right to refile its motion after the conclusion of Mrs. Gaylor's underlying case, which stemmed from the 26 March 2002 automobile accident.

On 6 March 2007, State Farm refiled its Motion for Summary Judgment on its remaining claim. State Farm's motion was heard 16 April 2007. On 23 April 2007, the superior court granted State Farm's motion for summary judgment. The Gaylors appeal the superior court's granting of State Farm's motions to dismiss and for summary judgment.

## II. Issues

The Gaylors argue the superior court erred when it: (1) dismissed their counterclaims and (2) granted summary judgment for State Farm.

## III. Standard of Review

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a party is entitled to a judgment as a matter of law. On appeal of a trial court's allowance of a motion for

summary judgment, we consider whether, on the basis of materials supplied to the trial court, there was a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Evidence presented by the parties is viewed in the light most favorable to the non-movant.

*Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (internal citation and quotation omitted). "We review an order allowing summary judgment *de novo*. If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal." *Wilkins v. Safran*, 185 N.C. App. 668, 672, 649 S.E.2d 658, 661 (2007) (internal citation and quotation omitted).

## IV. Motion to Dismiss

[1] The Gaylors argue the trial court erred when it dismissed their counterclaims "due to the expiration of the applicable statutes of limitation . . . ." We disagree.

N.C. Gen. Stat. § 1A-1, Rule 12(b) (2005) states, "[i]f, on a motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, *the motion shall be treated as one for summary judgment . . . .*" (Emphasis supplied). In its order dated 15 November 2006, the superior court stated that "upon [State Farm]'s motion to dismiss the [Gaylors'] counterclaims pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure[,] [this court] . . . reviewed the pleadings and considered the arguments and submissions of counsel . . . ." Because the superior court considered matters outside the pleading when it heard State Farms's motion to dismiss, we review the superior court's grant of State Farm's motion to dismiss as the grant of a motion for summary judgment. *Id.*

The Gaylors asserted counterclaims against State Farm for: (1) reformation of contract due to mutual mistake and misrepresentation; (2) negligent failure to procure insurance; and (3) misrepresentation. The Gaylors' counterclaims are subject to a three-year statute of limitations pursuant to N.C. Gen. Stat. § 1-52(5) and (9) (2005).

This Court recently considered similar facts to those at bar in *State Farm Fire & Cas. Co. v. Darsie.* 161 N.C. App. 542, 589 S.E.2d 391 (2003), *disc. rev. denied*, 358 N.C. 241, 594 S.E.2d 194 (2004). In *Darsie*, the insurer instituted the action for determina-

tion of the parties' rights and obligations under an automobile insurance policy and personal liability umbrella policy. 161 N.C. App. at 544, 589 S.E.2d at 394. The insured counterclaimed and the insurer filed a motion for summary judgment based, *inter alia*, on the affirmative defense of statute of limitations. *Id.* at 544, 589 S.E.2d at 395. The superior court denied the insurer's motion for summary judgment based on the statute of limitations defense. *Id.* This Court reversed and stated:

> [I]n cases such as insurance claims, when a claim becomes ripe and due under a policy requiring action on the part of the insured, at that point or a reasonable time thereafter, the policyholder is charged with more than a cursory knowledge of the extent of their coverage. . . .

> [W]hen the statute of limitations' trigger is based on discovery by reasonable diligence, . . . there must be some competent evidence as to when discovery . . . was reasonable. Or alternatively, when it was otherwise reasonable to discover, there must be some competent evidence that plaintiff lacked capacity and opportunity at all time while discovery was reasonable and before the three years preceding the claims.

*Id.* at 552, 589 S.E.2d at 399 (internal quotation omitted).

The record contains no evidence that the Gaylors lacked any opportunity or capacity to inquire into their coverage at all times after the 26 March 2002 accident and before they filed their counterclaims on 25 May 2006. *Id.* Consistent with this Court's reasoning in *Darsie*, the Gaylors were charged with due diligence to notify State Farm within a year of the accident, or by 26 March 2003. 161 N.C. App. at 552, 589 S.E.2d at 399. Based on the uncontroverted evidence in the record, we hold that an "otherwise reasonable" time for the Gaylors to discover a mutual mistake, misrepresentation, or negligent failure to procure insurance occurred when the terms of the policy required certain claims be brought to the attention of State Farm for the purpose of determining coverage. *Id.*

The Gaylors failed to file their counterclaims within the three-year statute of limitations period as prescribed by N.C. Gen. Stat. § 1-52(5) and (9). The superior court did not err when it granted State Farm's motion to dismiss the Gaylors' counterclaims. *Summey*, 357 N.C. at 496, 586 S.E.2d at 249. This assignment of error is overruled.

## V. Motion for Summary Judgment

[2] The Gaylors argue the superior court erred when it granted State Farm's motion for summary judgment because "[t]here were genuine issues of material fact . . . ." We disagree.

Persons entering contracts of insurance, like other contracts, have a duty to read them and ordinarily are charged with knowledge of their contents. . . . Where a party has reasonable opportunity to read the instrument in question, and the language of the instrument is clear, unambiguous and easily understood, failure to read the instrument bars that party from asserting its belief that the policy contained provisions which it does not.

*Baggett v. Summerlin Ins. & Realty, Inc.*, 143 N.C. App. 43, 53, 545 S.E.2d 462, 468-69 (Tyson, J. dissenting) (internal citation and quotation omitted), *rev'd*, 354 N.C. 347, 347, 554 S.E.2d 336, 337 (2001) (per curium) ("For the reasons stated in the dissenting opinion by Judge Tyson, the decision of the Court of Appeals is reversed.").

Here, the record shows that on 23 June 1992, Mr. Gaylor executed a "Selection/Rejection Form" pursuant to N.C. Gen. Stat. § 20-279.21(b)(4). The "Selection/Rejection Form" states, "I choose to reject Combined Uninsured/Underinsured Motorists Coverage and select Uninsured Motorists Coverage at limits of: Bodily Injury 100/300; Property Damage 50[.]" The record further shows that on 27 December 2002, Mrs. Gaylor executed a new "Selection/Rejection Form," which changed the Gaylors' coverage to "Combined Uninsured/Underinsured Motorists Coverage at limits of: Bodily Injury 100,000/300,000; Property Damage 50,000[.]"

Reviewing the evidence in the light most favorable to the Gaylors, no genuine issues of material fact exist of whether the Gaylors had underinsured motorists coverage at the time of the 26 March 2002 accident. *Summey*, 357 N.C. at 496, 586 S.E.2d at 249. The superior court did not err when it granted State Farms's motion for summary judgment. *Id.* This assignment of error is overruled.

## VI. Conclusion

Undisputed evidence in the record shows the Gaylors failed to file their counterclaims within the applicable three-year statute of limitations. The superior court did not err when it granted State Farm's motion to dismiss the Gaylors' counterclaims. No genuine issue of any material fact exist of whether the Gaylors had underin-

sured motorists coverage at the time of the 26 March 2002 accident. The superior court did not err when it granted State Farm's motion for summary judgment and its orders are affirmed. *Summey,* 357 N.C. at 496, 586 S.E.2d at 249.

Affirmed.

Judges McCULLOUGH and STROUD concur.