BRANCH BANKING AND TRUST COMPANY, Plaintiff v. MARY T. MORRISON, LOUISE K. THOMAS, JAMES A. THOMAS, JR., MARY K. THOMAS, WILBERT STEWART, LILLIE F. STEWART, HARRY L. SOUTHERLAND, and SHANNON SOUTHERLAND, Defendants

No. COA08-12

(Filed 17 June 2008)

**Guaranty— part of debt transaction—consideration**

  Guaranty agreements were supported by consideration where they were executed as a part of the transaction which created the guaranteed debt. The extension of credit by the obligee under the guaranty contract supplies the consideration for both the principal debt and the guaranty.

Appeal by defendants James A. Thomas, Jr., Mary K. Thomas, Wilbert Stewart and Lillie F. Stewart from order entered 1 October 2007 by Judge Richard T. Brown in Hoke County Superior Court. Heard in the Court of Appeals 22 May 2008.

*Helms Mulliss & Wicker, P.L.L.C., by J. Trevor Johnston, for plaintiff-appellee.*

*North Raleigh Law Group, by Robert L. Morton, for defendant-appellants James A. Thomas, Jr., Mary K. Thomas, Wilbert Stewart, and Lillie F. Stewart.*

*No brief filed by defendants Mary T. Morrison, Louise K. Thomas, Harry J. Southerland or Shannon Southerland.*

TYSON, Judge.

James A. Thomas, Jr., Mary K. Thomas, Wilbert Stewart, and Lillie F. Stewart (collectively, "defendants") appeal from order entered, which granted Branch Banking and Trust Company's ("BB&T") motion for summary judgment. We affirm.

## I.  Background

On 5 March 2007, BB&T filed a complaint and alleged that defendants and four other individuals had "failed and refused to pay their indebtedness due under . . . [g]uaranty [a]greements." BB&T requested, *inter alia*: (1) "[t]hat it have and recover of the [d]efendants, jointly and severally, the sum of $530,407.98 in principal, plus $40,123.43 in interest, plus $7,373.32 in late fees, plus interest from June 23, 2006 until paid in full[]" and (2) "[t]hat it have and recover of the [d]efendants its attorneys' fees as provided for in the Guaranty Agreements and Section 6-21.2 of the General Statutes of North Carolina."

BB&T's complaint asserted: (1) Six Star Economic Development Group, LLC ("Six Star") executed a promissory note in favor of BB&T in an amount of $1,700,000.00 on or about 6 December 2002; (2) Six Star later defaulted under the terms of the promissory note; and (3) defendants and four other individuals had guaranteed the payment of the promissory note pursuant to guaranty agreements.

On 15 May 2007, defendants filed their "answer/motion to dismiss/cross-claim." Defendants' motion to dismiss alleged BB&T had failed to include the Small Business Administration, a co-signor/guarantor of the promissory note and a necessary and proper party to the action. Defendants' cross-claim alleged a claim for contribution/indemnification against Mary Morrison ("Morrison") and Harry Southerland ("Southerland"). Defendants' cross-claim asserted Morrison and Southerland, along with other members of Six Star, had agreed to "indemnify and hold harmless defendants from . . . any and all loss, damage, claim and/or liability . . . arising

from any claim . . . made against any of the defendants by virtue of their involvement . . . with Six Star . . . ."

On 21 May 2007, BB&T moved for summary judgment. On 27 September 2007, defendants filed a "motion to dismiss pursuant to Rule 12(b)(6)/affirmative defense[.]" Defendants alleged the guaranty agreements were void due to lack of consideration and "assert[ed] an [a]ffirmative [d]efense that the [g]uaranty [a]greements . . . lack[ed] consideration." On 1 October 2007, the trial court ruled "that there is no genuine issue as to any material fact and that [BB&T] is entitled to judgment in its favor as a matter of law." Defendants appeal.

## II. Issue

Defendants argue the trial court erred when it granted BB&T's motion for summary judgment.

## III. Standard of Review

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a party is entitled to a judgment as a matter of law. On appeal of a trial court's allowance of a motion for summary judgment, we consider whether, on the basis of materials supplied to the trial court, there was a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Evidence presented by the parties is viewed in the light most favorable to the non-movant.

*Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (internal citation and quotation omitted). "We review an order allowing summary judgment *de novo*. If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal." *Wilkins v. Safran*, —— N.C. App. ——, ——, 649 S.E.2d 658, 661 (2007) (internal citation and quotation omitted).

## IV. Motion for Summary Judgment

Defendants argue the trial court erred when it granted BB&T's motion for summary judgment because "there were genuine issues of material fact as to whether the [p]romissory [n]ote constituted a pre-existing debt and whether the [g]uarant[y] [agreements] were want [sic] of consideration." We disagree.

"It is well-settled law in this State that in order for a contract to be enforceable it must be supported by consideration. A mere

promise, without more, is unenforceable." *Investment Properties v. Norburn*, 281 N.C. 191, 195, 188 S.E.2d 342, 345 (1972) (citation omitted). "It is unnecessary that the consideration be full or adequate. Any legal consideration will be sufficient to support the guaranty." *Gillespie v. DeWitt*, 53 N.C. App. 252, 259, 280 S.E.2d 736, 742 (citing *Cowan v. Roberts*, 134 N.C. 415, 46 S.E. 979 (1904)), *cert. denied*, 304 N.C. 390, 285 S.E.2d 832 (1981).

> When the guaranty contract is shown to have been executed as a part of a transaction which created the guaranteed debt, it is not essential to recovery on the guaranty that the guaranty shall have been supported by consideration other than the principal debt. The extension of credit by the obligee under the guaranty contract supplies consideration for both the principal debt and the guaranty. . . . When the guaranty is independent of the transaction in which the principal debt was created, it should be supported by consideration which is independent of the principal debt.

*Id.* at 260, 280 S.E.2d at 742 (citing 38 Am. Jur. 2d *Guaranty* §§ 44, 45 (1968)).

> Although the guaranty promise may have been made at a time subsequent to the creation of the principal obligation, the guaranty promise is founded upon a consideration if the promise was given as the result of previous arrangement, *the principal obligation having been induced by* or created on the faith of the guaranty.

38 Am. Jur. 2d *Guaranty* § 43 (1999) (citation omitted) (emphasis supplied).

Here, the record is clear that the guaranty agreements were "executed as a part of [the] transaction which created the guaranteed debt[.]" *Gillespie*, 53 N.C. App. at 260, 280 S.E.2d at 742. Undisputed evidence in the record shows Six Star executed the promissory note on 6 December 2002 and defendants executed the guaranty agreements between 9 December and 10 December 2002. The guaranty agreements executed by defendants expressly state they served as "an inducement to [BB&T] to extend credit to and to otherwise deal with Six Star" and "applie[d] to all indebtedness of [Six Star] evidenced by its promissory note . . . dated 12-6-02 (including all extensions, renewals, and modifications thereof) in the principal amount of $1,700,000.00."

**PRICE & PRICE MECH. OF N.C., INC. v. MIKEN CORP.**

[191 N.C. App. 177 (2008)]

Based on our Supreme Court's holding in *Cowan* and this Court's reasoning in *Gillespie*, we hold no genuine issues of material fact exist of whether the promissory note constituted a pre-existing debt and whether the guaranty agreements lacked consideration. *Cowan*, 134 N.C. at 421, 46 S.E. at 981; *Gillespie*, 53 N.C. App. at 260, 280 S.E.2d at 742. The guaranty agreements signed by defendants were "part of [the] transaction which created the guaranteed debt[.]" *Gillespie*, 53 N.C. App. at 260, 280 S.E.2d at 742. The trial court properly granted summary judgment for BB&T. This assignment of error is overruled.

## V. Conclusion

Viewed in the light most favorable to defendants, no genuine issues of material fact exist and BB&T is entitled to judgment as a matter of law. *Summey*, 357 N.C. at 496, 586 S.E.2d at 249. The trial court correctly granted BB&T's motion for summary judgment and its order is affirmed.

Affirmed.

Judges BRYANT and STEPHENS concur.