DAVID LAWYER & SHEILA LAWYER, Plaintiffs v. CITY OF ELIZABETH CITY NORTH CAROLINA and BRENT THORNTON, Defendants

No. COA08-765

(Filed 18 August 2009)

**Eminent Domain—condemnation—notice—sufficiency of steps**

The trial court erred in a condemnation case by granting summary judgment as a matter of law in favor of defendants because although there was no genuine issue of material fact as to what steps defendants took in attempting to ascertain to whom they should send notice, reasonable minds could differ as to whether the steps taken by defendants were sufficient.

Appeal by plaintiffs from an order entered 1 April 2008 by Judge J. Richard Parker and 14 May 2008 by Judge W. Russell Duke, Jr. in Pasquotank County Superior Court. Heard in the Court of Appeals 14 January 2008.

**LAWYER v. CITY OF ELIZABETH N.C.**

[199 N.C. App. 304 (2009)]

*Sharp, Michael, Graham & Evans L.L.P., by David R. Tanis and Laura F. Meads, for plaintiffs-appellants.*

*Hornthal, Riley, Ellis & Maland, L.L.P., by L. Phillip Hornthal, III, for defendants-appellees.*

JACKSON, Judge.

David and Sheila Lawyer ("plaintiffs") appeal the allowing of summary judgment in favor of the City of Elizabeth City, North Carolina ("the City") and Brent Thornton ("Thornton") (collectively "defendants"). For the reasons stated below, we reverse.

On or about 24 September 1999, Buena Ballance, Myrtle Ballance, Rosalie Hardy, Alvin Ballance, David Ballance, and Royce Ballance ("the Ballances") acquired real property located at 405 East Broad Street in Elizabeth City ("the property") as tenants in common by a deed of gift filed with the Pasquotank County Register of Deeds on 7 October 1999. Plaintiffs acquired the property by being the highest bidder at a sheriff's sale of the property on or about 7 October 2003. Although a Sheriff's Deed was prepared on 23 October 2003, it was not recorded until on or about 2 November 2005, more than nine months after the incident giving rise to this case.

Prior to 10 October 2003, plaintiffs requested that the Pasquotank County Tax Department forward tax notices/bills for the property to them. Thereafter, tax bills were addressed to "Ballance, Buena et al c/o David & Sheila Lawyer." Plaintiffs filed an Affidavit of Consideration or Value Excise Tax on Conveyance of Real Property with the Pasquotank County Tax Department on or about 27 October 2007.

The property had not had electric service since May 1999. Upon inspection at some time prior to 16 September 2004, the property was found to be unfit for human habitation. Defendants sent notices with respect to the property to the Ballances because upon inquiry with the Tax Department and Register of Deeds, the Ballances were listed as the owners of the property. On 9 September 2004, Royce Ballance mailed to defendants a letter indicating that the Ballances no longer owned the property because it was sold at auction. Thornton sought the assistance of the Tax Department and Register of Deeds and was informed that the Ballances were the owners of the property.

On 22 November 2004, the City Council of the City of Elizabeth City condemned the property as unfit for human habitation. In addi-

tion to mailing notices to the Ballances, a notice of condemnation was posted on the property on 2 December 2004. On 28 January 2005, the property was demolished by defendants.

On 14 July 2006, plaintiffs filed a complaint against defendants alleging claims of 1) unconstitutional taking without just compensation, 2) destruction of property, 3) violation of due process, 4) trespass, and 5) denial of equal protection. Defendants filed a claim of lien against the property on 25 September 2006 for costs associated with its demolition. Also on that date, defendants filed their answer-alleging nine defenses—and counterclaim seeking to recover on their claim of lien. Plaintiffs filed their reply to defendants' counterclaim on 30 October 2006.

On 4 January 2008, defendants filed a motion for summary judgment. Plaintiffs filed a motion for partial summary judgment on 8 January 2008. The trial court heard the competing motions for summary judgment on 3 March 2008. By order filed 1 April 2008, the trial court allowed defendants' motion and denied plaintiffs' motion. Defendants subsequently filed a motion for summary judgment as to the counterclaim on 14 April 2008. That motion was heard on 12 May 2008, and allowed in defendants' favor by order filed 14 May 2008. From both orders, plaintiffs appeal.

Plaintiffs argue that the trial court erred in granting the motions for summary judgment because genuine issues of material fact existed. We agree.

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). This Court reviews an order allowing summary judgment *de novo. See Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). In doing so, we must consider the evidence in the light most favorable to the non-moving party. *See id.* "[A]ll inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion." *Boudreau v. Baughman*, 322 N.C. 331, 343, 368 S.E.2d 849, 858 (1988) (citing *Page v. Sloan*, 281 N.C. 697, 706, 190 S.E.2d 189, 194 (1972)). If there is any evidence of a genuine issue of material fact, a motion for summary judgment should be denied. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 471, 597 S.E.2d 674, 694 (2004).

The moving party bears the burden of showing that no triable issue of fact exists. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citing *Texaco v. Creel*, 310 N.C. 695, 699, 314 S.E.2d 506, 508 (1984)). This burden can be met by proving: (1) that an essential element of the non-moving party's claim is nonexistent; (2) that discovery indicates the non-moving party cannot produce evidence to support an essential element of his claim; or (3) that the non-moving party cannot surmount an affirmative defense which would bar the claim. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citations omitted). Once the moving party has met its burden, the non-moving party must forecast evidence that demonstrates the existence of a *prima facie* case. *Id.* (citation omitted).

As a preliminary matter, we note that plaintiffs brought their own motion for partial summary judgment before the trial court. In doing so, they agreed with defendants that there were no genuine issues of material fact as to liability. Accordingly, we limit our review to whether defendants were entitled to judgment as a matter of law.

Pursuant to North Carolina General Statutes, section 160A-441 concerning minimum housing standards,

> Whenever any city . . . of this State finds that there exists in the city . . . dwellings that are unfit for human habitation due to dilapidation, defects increasing the hazards of fire, accidents or other calamities, lack of ventilation, light or sanitary facilities, or due to other conditions rendering the dwellings unsafe or unsanitary, or dangerous or detrimental to the health, safety, morals, or otherwise inimical to the welfare of the residents of the city . . . , power is hereby conferred upon the city . . . to exercise its police powers to repair, close or demolish the dwellings in the manner herein provided.

N.C. Gen. Stat. § 160A-441 (2007). A city ordinance adopted to regulate buildings which are determined to be unfit for human habitation "must contain certain procedures that the city must follow prior to demolition of a dwelling including providing the owner with notice, a hearing, and a reasonable opportunity to bring his or her dwelling into conformity with the housing code." *Monroe v. City of New Bern*, 158 N.C. App. 275, 279, 580 S.E.2d 372, 375, *appeal dismissed, disc. rev. denied*, 357 N.C. 461, 586 S.E.2d 93 (2003) (citing N.C. Gen. Stat. § 160A-443).

Section 160A-443 sets forth the provisions a city must include in any ordinances adopted pursuant to its power to enact minimum housing standards. This section refers to serving notices upon the "owner" and "parties of interest" in a property subject to minimum housing standards. " 'Owner' means the holder of the title in fee simple and every mortgagee *of record*." N.C. Gen. Stat. § 160A-442(4) (2007) (emphasis added). " 'Parties in interest' means all individuals, associations and corporations who have interests *of record* in a dwelling and any who are in possession thereof." N.C. Gen. Stat. § 160A-442(5) (2007) (emphasis added).

All notices concerning the property at issue were mailed to Royce Ballance, whose address appeared on the most recent deed filed with the Register of Deeds. The Ballances appeared as the owners *of record* in both the Register of Deeds and Tax Department offices. Although plaintiffs' address was listed on the tax bill, the Ballances continued to appear as the owners *of record*.

Plaintiffs contend that the 9 September 2004 letter should have put defendants on notice that they were interested parties requiring notice; had defendants inquired about a sheriff's auction of the property, they would have discovered that plaintiffs were the owners of the property. After receiving the letter, Thornton again asked the Register of Deeds and Tax Department offices who owned the property. Thereafter, he was assured by the "tax office" and the "deeds office" several times that the Ballances were the owners. Although plaintiffs' names were listed on the tax bill, the tax office routinely mails tax bills to people other than the record owner if requested to do so. Plaintiffs requested the tax bills be mailed to them. The Tax Department followed this request, but continued to consider the Ballances the record owners until plaintiffs recorded their deed on or about 2 November 2005.

No party presented evidence as to what the appropriate standard of care under the circumstances would be. Had the City engaged an attorney to conduct a title search, including all "out" conveyances, the attorney should have discovered the unrecorded sheriff's deed. However, it is not clear that the City was required to do so in this circumstance. The extent of its duty may have been for Thornton to do exactly as he did.

[W]here one of the questions raised by a motion for summary judgment is one concerning the reasonableness of the actions of the movant, summary judgment is normally *inappro-*

priate, since the resolution of the question "necessarily involves conflicting interpretations of the perceived events, and even where all the surrounding facts and circumstances are known, reasonable minds may still differ over their application to the legal principles involved." ·

*Farmers Bank v. City of Elizabeth City*, 54 N.C. App. 110, 115, 282 S.E.2d 580, 584 (1981) (quoting *Smith v. Currie*, 40 N.C. App. 739, 743, 253 S.E.2d 645, 647, *disc. rev. denied*, 297 N.C. 612, 257 S.E.2d 219 (1979)).

There is no genuine issue of material fact as to what steps defendants took in attempting to ascertain to whom they should send notice. However, reasonable minds could differ as to whether the steps taken by defendants were sufficient. Therefore, defendants were not entitled to a judgment as a matter of law. Accordingly, the trial court's order allowing summary judgment to defendant must be reversed.

Reversed.

Judges McGEE and HUNTER, Jr, Robert N. concur.