GEOFFREY P. SCHIMMECK and DEBORAH SCHIMMECK, Plaintiffs-Appellants v.
THE CITY OF WINSTON-SALEM, Defendant-Appellee

No. COA97-1311

(Filed 4 August 1998)

**Employer and Employee— retirement—city police officer—not vested**

The trial court properly granted summary judgment for defendant in an action by a city police officer for wrongful refusal to pay retirement benefits where the officer's retirement rights had not vested and thus there was no contractual obligation.

Appeal by plaintiffs from order entered 15 August 1997 by Judge Peter M. McHugh in Forsyth County Superior Court. Heard in the Court of Appeals 14 May 1998.

*Randolph M. James for plaintiffs-appellants.*

*Womble Carlyle Sandridge & Rice, by Gusti W. Frankel, for defendant-appellee.*

WYNN, Judge.

The police department of the City of Winston-Salem hired Geoffrey P. Schimmeck as a sworn officer on 18 September 1989. Upon his employment, Schimmeck became a member of a mandatory retirement plan established under the Winston-Salem Police Officer's Retirement System.

As adopted in 1977, the plan provided that "If prior to his normal retirement date and after a period of at least five (5) years of creditable service . . . a member becomes permanently disabled to the extent that he is unable to perform satisfactorily the services and duties required of him by the city, he shall be retired . . . ." However, on 20 August 1990, less than a year after hiring Schimmeck, the Board of Alderman of Winston-Salem amended the retirement plan. Section 15-56(g) of the amended plan authorized the police department to transfer disabled employees from their current duties to other positions within the department.

> Upon the recommendation of the police chief and/or the personnel director, subject to the review and recommendation of the retirement commission to the city manager, an employee disabled for purposes of sworn employment may be trans-

ferred to other sworn and nonsworn duties within the police department.

In December 1991, Schimmeck injured his right knee in the line of duty. After undergoing surgery and physical therapy, Schimmeck returned to work on light duty until March 1993, when he reinjured his knee while on the way to work. The reinjury left him unable to perform as a sworn police officer.

Also in March 1993, the Board of Alderman again amended the provisions of the plan by changing the language of section 15-56(g) and adding subparagraph six.

> (g) Upon the recommendation of the police chief and/or the personnel director, subject to the review and recommendation of the retirement commission to the city manager, an employee no longer able to perfom the duties of a sworn police officer as certified by the medical review board, may be transferred to other duties within the police department. . . .
>
> . . . .
>
> (6) An officer electing not to accept a transfer to a new position in the police or other city department will not be eligible to continue participation in the city plan or to receive benefits described in subsections (2), (3), (4), or (5), or to thereafter elect to accept the transfer.

Schimmeck requested disability retirement from the State of North Carolina and Winston-Salem on 17 August 1993. The State awarded him disability retirement benefits under the state retirement plan in September 1993.

Schimmeck did not receive a benefits award under the Winston-Salem plan. Instead, on 26 August 1993, the Winston-Salem Chief of Police acknowledged in a memorandum to Schimmeck that his injuries rendered him unable to perform the duties of a sworn police officer. The Chief offered him a transfer to a position as a communications officer at his current rate of pay, based on the opinion of the Medical Review Board that he could work in that capacity. Schimmeck was subsequently notified that if he did not accept the position as a communications operator, his contributions to the Plan would be refunded and he would not be allowed to participate. Schimmeck declined the communications officer position and retired. No benefits were paid to him under the Winston-Salem plan.

Schimmeck sued the City of Winston-Salem, contending that the refusal to pay him retirement benefits was wrongful on several grounds. Following summary judgment in favor of Winston-Salem, Schimmeck appealed to this Court.

---

Schimmeck contends that the trial court erred in granting summary judgment because there was a genuine issue of material fact relating to his claim for unconstitutional impairment of contract. We disagree.

Article I, Section 10 of the United States Constitution provides in pertinent part, "No State shall . . . pass any . . . law impairing the obligation of contracts . . . ." U.S. Const. art. I, § 10, cl. 1. Our Supreme Court recently addressed the issue of whether a contractual right has been unconstitutionally impaired.

> In determining whether a contractual right has been unconstitutionally impaired, we are guided by the three-part test set forth in *U.S. Trust Co. of N.Y. v. New Jersey.* The *U.S. Trust* test requires a court to ascertain: (1) whether a contractual obligation is present, (2) whether the state's actions impaired that contract, and (3) whether the impairment was reasonable and necessary to serve an important public purpose.

*Bailey v. State of North Carolina,* 348 N.C. 130, 140-41, 500 S.E.2d 54, 60 (1998) (citations omitted).

Schimmeck contends a genuine issue of material fact exists as to the third part of the test—whether the alterations to the contract were "reasonable and necessary"—such as to preclude summary judgment. However, as the first element, the existence of a contractual obligation, is not present, we conclude that summary judgment was properly granted.

In the context of retirement benefits, a contractual obligation exists once the employee's rights have vested.

> "A pension paid a governmental employee . . . is a deferred portion of the compensation earned for services rendered." If a pension is but deferred compensation, already in effect earned, merely transubstantiated over time into a retirement allowance, then an employee has contractual rights to it. The agreement to defer the compensation is the contract.

*Simpson v. N.C. Local Gov't Employees' Retirement Sys.*, 88 N.C. App. 218, 223-24, 363 S.E.2d 90, 94 (1987) (alteration in original) (quoting *Great Am. Ins. Co. v. Johnson,* 257 N.C. 367, 370, 126 S.E.2d 92, 94 (1962)), *aff'd per curiam,* 323 N.C. 362, 372 S.E.2d 559 (1988)), *quoted in Bailey,* 348 N.C. at 141, 500 S.E.2d at 60. *Simpson* stated that fundamental fairness dictated this result and concluded that:

> A public employee has a right to expect that the retirement rights bargained for in exchange for his loyalty and continued services, and continually promised him over many years, will not be removed or diminished. Plaintiffs, as members of the North Carolina Local Governmental Employees' Retirement System, had a *contractual right to rely on the terms of the retirement plan as these terms existed at the moment their retirement rights became vested.*

*Id.*

In *Bailey,* our Supreme Court held that a person becomes vested in a retirement plan upon satisfying the preconditions to the receipt of benefits. *Bailey,* 348 N.C. at 142, 500 S.E.2d at 62. In light of this rule, we now address whether Officer Schimmeck had an entitlement to retirement benefits at the time of the amendments to the retirement plan.

Section 15-56, "Disability," of the retirement plan, as it existed at the time of Officer Schimmeck's hiring, provided in pertinent part:

> (a) If prior to his normal retirement date and after a period of at least five (5) years of creditable service . . . a member becomes permanently disabled to the extent that he is unable to perform satisfactorily the services and duties required of him by the city, he shall be retired . . . .

The plain language of the statute requires five years of service before a member is entitled to permanent disability retirement. In *Hogan v. City of Winston-Salem,* 121 N.C. App. 414, 466 S.E.2d 303, *aff'd per curiam,* 344 N.C. 728, 477 S.E.2d 150 (1996), this Court considered this section of Winston-Salem's retirement plan and held that "[a]s it is undisputed that *plaintiff had attained more than five years of creditable service* before his injury, before the date of the Amendment and before the date he submitted his application for disability retirement, defendant's argument [that the employee's rights had not vested] is without merit." *Id.* at 419, 466 S.E.2d at 307 (emphasis added).

In contrast to *Hogan*, Officer Schimmeck did not have five years of service at the time of either: 1) the 1990 or 1993 amendment, 2) his injury, or 3) the submission of his application for disability. As such, his rights had not vested and thus there was no contractual obligation. Accordingly, he has no action for impairment of contract, and we affirm the trial court's grant of summary judgment.

Affirmed.

Judges JOHN and McGEE concur.