KEITH BRINEGAR, Plaintiff,
v.
THE CITY OF WINSTON-SALEM, Defendant.
No. COA08-157
Court of Appeals of North Carolina
Filed February 3, 2009
This case not for publication
Randolph M. James, P.C., by Randolph M. James, for plaintiff-appellant.
Womble Carlyle Sandridge & Rice, PLLC, by James R. Morgan, for defendant-appellee.
JACKSON, Judge.
Keith Brinegar ("plaintiff") appeals from an order granting summary judgment in favor of the City of Winston-Salem ("defendant"). For the following reasons, we affirm.
In August 1993, plaintiff sought employment with the Winston-Salem Police Department ("Police Department"). At that time, plaintiff experienced a non-specific, generalized anxiety disorder. Plaintiff's mental condition was marked by excessive worry about several circumstances with no specific triggers. Plaintiff experienced feelings of anxiety and panic, accompanied by obsessive compulsive thoughts, depression, and fear of social situations.
The Police Department was aware of plaintiff's condition and required plaintiff's psychiatrist, Dr. Edward Weaver ("Dr. Weaver"), to provide a written assessment of plaintiff's fitness to become a sworn police officer. Dr. Weaver's letter to the Police Department stated that plaintiff was able to serve as a sworn officer within the Police Department. On 2 August 1993, plaintiff was hired by defendant as a police officer.
In August 1999, plaintiff's condition worsened. On 4 August 1999, plaintiff went on sick leave from the Police Department. Plaintiff was unable to return to his duties as a police officer after 4 August 1999.
On 9 December 1999, plaintiff applied for disability retirement with the City of Winston-Salem Police Officers' Retirement System ("Officers' Retirement System"). On 10 December 1999, plaintiff requested an advancement of paid sick leave. On 13 December 1999, the Police Department denied plaintiff's request and notified plaintiff that he would be on leave without pay between 19 December 1999 and 31 December 1999. On 20 December 1999, the Police Department went to plaintiff's home and collected all items issued by the Police Department.
On 23 December 1999, Police Chief Linda Davis ("Chief Davis") sent a memorandum to Denise Bell ("Bell"), defendant's Chief Financial Officer. In her memorandum, Chief Davis stated that she was aware that plaintiff had applied for disability retirement and that no positions were available within the Police Department that would utilize fully plaintiff's skills and training. However, Chief Davis recommended that plaintiff be assigned as a Police Records Specialist.
Around that time, the Winston-Salem Police Officers' Retirement Commission ("Officers' Retirement Commission") sent a copy of plaintiff's disability retirement application, relevant medical records, and a copy of the job description for Police Records Specialist to the Medical Review Board. The Medical Review Board was asked to render an opinion as to whether plaintiff would be capable of performing the duties required of either a police officer or a Police Records Specialist. The Medical Review Board usually took between two weeks and two months to make this kind of determination.
In January 2000, prior to the Medical Review Board's determination, plaintiff began selling marijuana on a daily basis. On 21 January 2000, the Forsyth County Sheriff's Department ("Sheriff's Department") arrested plaintiff when he attempted to sell marijuana to a teenager. Also on 21 January 2000, the Sheriff's Department informed the Police Department of plaintiff's arrest. Effective 21 January 2000, plaintiff was suspended pending termination from employment with the Police Department for violation of the Police Department's Rules of Conduct which prohibited the possession or use of controlled substances, narcotics, or hallucinogens except as prescribed for treatment by a physician or dentist. On 28 January 2000, plaintiff filed a grievance contesting his suspension and possible termination from the Police Department. Subsequently, in February 2000, the Medical Review Board determined that plaintiff was capable of performing the job of Police Records Specialist.
On 25 February 2000, Loris Colclough ("Colclough"), Administrator of the Officers' Retirement Commission informed plaintiff by letter that plaintiff was offered an alternative position as a Police Records Specialist and that he was ineligible for disability retirement at that time based upon the Medical Review Board's determination and pursuant to defendant's Code of Ordinances . At the time Colclough sent the letter to plaintiff, plaintiff was unable to accept the alternative position due to his suspension from the Police Department.
On 16 March 2000, plaintiff pled guilty in federal court to the felonies of possession of marijuana with intent to distribute and possession of a firearm in connection with a drug trafficking charge.
Plaintiff's grievance was heard on 31 July 2000. On 7 August 2000, Bryce Stuart, defendant's City Manager, upheld the termination of plaintiff's employment from the Police Department.
Plaintiff filed a complaint against defendant alleging constitutional violations and breach of contract on 9 October 2006. On 2 November 2007, defendant moved for summary judgment pursuant to North Carolina Rules of Civil Procedure, Rule 56, judgment on the pleadings pursuant to Rule 12(c), and dismissal of plaintiff's complaint pursuant to Rule 12(b)(6). On 12 December 2007, the trial court entered an order granting defendant's motion for summary judgment. Plaintiff appeals.
On appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary judgment (1) as to plaintiff's substantive due process claim, (2) as to plaintiff's breach of contract claim, and (3) in light of our prior holding in Hogan v. City of Winston-Salem, 121 N.C. App. 414, 466 S.E.2d 303, aff'd, 344 N.C. 728, 477 S.E.2d 150 (1996) (per curiam).
Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). "An issue is `genuine' if it can be proven by substantial evidence[,] and a fact is `material' if it would constitute or irrevocably establish any material element of a claim or a defense."Lowe v. Bradford, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982) (citing Bone International, Inc. v. Brooks, 304 N.C. 371, 374-75, 283 S.E.2d 518, 520 (1981)).
In deciding a motion for summary judgment, a trial court must consider the evidence in the light most favorable to the non-moving party. See Summey v. Barker, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). If there is any evidence of a genuine issue of material fact, a motion for summary judgment should be denied. Howerton v. Arai Helmet, Ltd., 358 N.C. 440, 471, 597 S.E.2d 674, 694 (2004). The moving party bears the burden of showing that no triable issue of fact exists. Pembee Mfg. Corp. v. Cape Fear Constr. Co., 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citing Texaco, Inc. v. Creel, 310 N.C. 695, 314 S.E.2d 506 (1984)). This burden can be met "by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." Collingwood v. G.E. Real Estate Equities, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citations omitted). Once the moving party has met its burden, the non-moving party must forecast evidence that demonstrates the existence of a prima facie case. See id.
Plaintiff first argues that the trial court erred by granting defendant's motion for summary judgment in violation of plaintiff's substantive due process rights. We disagree.
Plaintiff contends that he had a protected property interest in disability retirement benefits from the Officers' Retirement System. Plaintiff concedes that his purported interest is not a fundamental right.
We have instructed that "'[i]n general, substantive due process protects the public from government action that unreasonably deprives them of a liberty or property interest.'" Tripp v. City of Winston-Salem, ___ N.C. App. ___, ___, 655 S.E.2d 890, 893 (2008) (quoting Toomer v. Garrett, 155 N.C. App. 462, 469, 574 S.E.2d 76, 84 (2002)). See also U.S. Const. a mend XIV, § 1 ("No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."). "'[W]here the interest is not fundamental, the government action need only have a rational relation to a legitimate governmental objective to pass constitutional muster.'" Tripp, ___ N.C. App. at ___, 655 S.E.2d at 893 (brackets in original) (quoting Toomer v. Garrett, 155 N.C. App. 462, 469, 574 S.E.2d 76, 84 (2002)). "[I]n order for plaintiff to make a substantive due process claim, [he] must allege that [he] had a protected property interest and the government's action depriving [him] of it was without rational relation to a legitimate governmental interest." Id.
"[Plaintiff] must have a legitimate claim of entitlement to the property interest." Id. (citing Bd. of Regents v. Roth, 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561 (1972)). "' Property interests . . . are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law  rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" Id. (quoting Bd. of Regents v. Roth, 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561 (1972)).
The property interest in the case sub judice is defined by defendant's Code of Ordinances which governs the retirement of defendant's employees. With regard to disabled police officers, it provides in pertinent part that
[a]ny member, who did not have five years of creditable service as of August 20, 1990, and who is no longer able to perform the duties of a sworn police officer as certified by the medical review board may be transferred by the city to other duties within the police department upon recommendation of the police chief and/or human resources director, subject to the review and recommendation of the retirement commission to the city manager. Should a member of the plan desire transfer to a civilian position outside of the police department, the city will assist with the transfer. The following provisions, in order to maintain police officer retirement benefits insofar as possible, will apply to a transfer to another position within the city under this section:
. . . .
(6) An officer who did not have five years of creditable service as of August 20, 1990, and elects not to accept a transfer to a new position in the police or other city department will not be eligible to continue participation in the city [retirement] plan or to receive [retirement] benefits . . ., or to thereafter elect to accept the transfer.
Winston-Salem, N.C., Code of Ordinances § 50-104(g) (2000).
In Tripp, a case almost identical to the case sub judice, we held that the disabled police officer did not have a protected property interest in the officer's retirement benefits pursuant to section 50-104(g) of the Winston-Salem Code of Ordinances. Tripp, ___ N.C. App. at ___, 655 S.E.2d at 893.
In Tripp, the plaintiff was a disabled police officer who did not have five years of creditable service with the Police Department prior to 20 August 1990. Tripp, ___ N.C. App. at ___, 655 S.E.2d at 892. The plaintiff was offered an alternative position as a Police Records Specialist within the Police Department instead of retirement. Id. We explained that
the City [of Winston-Salem] could require [the plaintiff] to transfer to another position in the [Police Department] or to a civilian position with the City outside of the [Police Department], and if plaintiff refused such a position, she would be entitled to a refund of her entire contributions to the retirement plan, but she would not be eligible to receive benefits under the plan.
Id.
In the case sub judice, plaintiff attempts to distinguish Tripp by arguing that he was ineligible to be transferred due to his incarceration as a result of his drug-related federal convictions. We are not persuaded by plaintiff's distinction. When determining whether defendant violated a protected property interest protected by substantive due process, the issue is not whether plaintiff was eligible for transfer. Rather, we inquire whether plaintiff had a legitimate claim of entitlement in the property interest. Tripp, ___ N.C. App. at ___, 655 S.E.2d at 893 (citing Bd. of Regents v. Roth, 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561 (1972)).
In Tripp, we explained that
[a]ccording to the Retirement Code, plaintiff was never entitled to collect retirement benefits upon her disability because, under [section] 50-104(g), the City reserved the option to transfer a disabled police officer to another position in the [Police Department] or elsewhere in the City. Therefore, plaintiff's interest in her retirement benefits was not a protected property interest.

Id. (emphasis added). Accordingly, we hold that plaintiff's ineligibility to transfer due to incarceration is immaterial because plaintiff never had a protected property interest in disability retirement benefits under section 50-104(g) of defendant's Code of Ordinances. See id. As such, plaintiff has presented no genuine issue of material fact that defendant violated a property interest protected by substantive due process.
Because plaintiff fails to establish a protected property interest, we need not address whether defendant's Code of Ordinances, section 50-104(g) bears a rational relation to a legitimate government interest.[1]See id.
Next, plaintiff contends that the trial court erred in granting summary judgment to defendant as to defendant's alleged breach of contract with plaintiff. We disagree.
Specifically, plaintiff alleges that (1) defendant failed to raise properly the affirmative defense of the statute of limitations and (2) defendant breached its implied duty of good faith and fair dealing with plaintiff by offering plaintiff an alternative position as a Police Records Specialist when plaintiff was suspended pending termination for drug-related federal criminal charges.
Contrary to plaintiff's assertion, we note that defendant did raise the statute of limitations as an affirmative defense in its answer to plaintiff's complaint. Furthermore, the applicable statute of limitations in the case sub judice is two years. N.C. Gen. Stat. § 1-53(1) (2007);see also Tripp, ___ N.C. App. at ___, 655 S.E.2d at 894. On 25 February 2000, Colclough, Administrator of the Officers' Retirement Commission, offered plaintiff an alternative position as a Police Records Specialist and informed plaintiff that he was ineligible for disability retirement at that time. On 9 October 2006, plaintiff filed this action. Accordingly, plaintiff's breach of contract claim is barred by the applicable statute of limitations,[2] and the trial court did not err in granting defendant's motion for summary judgment on plaintiff's claim for breach of contract.
Because defendant's alleged breach of contract is statutorily time-barred, we need not address whether defendant acted in good faith by offering plaintiff an alternative position endorsed by the Medical Review Board prior to the hearing regarding plaintiff's possible termination. We note, however, that plaintiff, like the plaintiff in Tripp, "alleged no genuine issue of material fact that the [Police Department] failed to follow the terms of the retirement plan as it existed in the Winston-Salem Code of Ordinances when plaintiff became vested." Tripp, ___ N.C. App. at ___, 655 S.E.2d at 895.
Finally, plaintiff argues that the trial court erred in granting summary judgment in light of our decision in Hogan. We disagree. Plaintiff attempts to fashion a genuine issue of material fact as to whether defendant's actions created an unconstitutional impairment of contract. See U.S. Const. art. I, § 10, cl. 1 ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ."). Our Supreme Court has explained that
[i]n determining whether a contractual right has been unconstitutionally impaired, we . . . [ask]: (1) whether a contractual obligation is present, (2) whether the state's actions impaired that contract, and (3) whether the impairment was reasonable and necessary to serve an important public purpose.
Bailey v. State of North Carolina, 348 N.C. 130, 140-41, 500 S.E.2d 54, 60 (1998) (internal citations omitted). Plaintiff relies on our statement in Hogan that
[w]hile there may be an issue of material fact as to whether the [20 August 1990] Amendment [to defendant's Code of Ordinances] was reasonable and necessary in relation to officers who had not become vested at the time of its enactment, there is no genuine issue of material fact as to whether the Amendment was reasonable and necessary as to an officer who had become vested prior to its enactment.
Hogan, 121 N.C. App. at 421, 466 S.E.2d at 308.
Plaintiff's reliance is without merit. We recently held that when a police officer did not have five years of creditable service at the time of the 20 August 1990 amendment to defendant's Code of Ordinances, "there was no contractual obligation and no impairment of contract." Tripp, ___ N.C. App. at ___, 655 S.E.2d at 895 (citing Schimmeck v. City of Winston-Salem, 130 N.C. App. 471, 502 S.E.2d 909, disc. rev. denied, 349 N.C. 531, 526 S.E.2d 182 (1998)). In Tripp, the plaintiff was employed with the Police Department on 6 February 1989  more than a year and a half prior to the amendment at issue. In the case sub judice, however, plaintiff was not employed with the Police Department until almost three years after the 20 August 1990 amendment. Therefore, plaintiff's position is even more attenuated than that of the plaintiff in Tripp. Accordingly, plaintiff's argument is without merit. We hold that the trial court did not err in granting summary judgment in light of Hogan.
Plaintiff's remaining assignments of error are deemed abandoned. N.C. R. App. P. 28(b)(6) (2007).
For the foregoing reasons, we affirm the trial court's grant of summary judgment in defendant's favor.
Affirmed.
Judges STEELMAN and STROUD concur.
Report per Rule 30(e).
NOTES
[1] We note, however, that we previously have held that defendant's Code of Ordinances, section 50-104(g) does have a rational relation to a legitimate government interest. See Tripp, ___ N.C. App. at ___, 655 S.E.2d at 893-94.
[2] The parties note that on 24 February 2003, plaintiff originally filed this action. On 9 October 2006, after a series of voluntary dismissals, plaintiff re-filed the action. The record does not contain plaintiff's earlier complaint. However, even taking the earliest date agreed upon by the parties, plaintiff's breach of contract allegation still is barred by the statute of limitations.